FILIPPO LENTINE and GIACOMO BARBERA, Plaintiffs, *v.* ELLA GREEN, Defendant.

Supreme Court, Kings Special Term, December, 1922.

**Vendor and purchaser — real estate — defective title — order by consent disposing of incompetent's right of dower a nullity.**

Where good clear title cannot be given because the wife of a prior grantor in the chain of title did not join in the conveyance and is still alive, the intending grantor is liable in damages to his intending grantee.

An order made in a proceeding to dispose of the inchoate right of dower of said wife, an incompetent for whom a committee had been appointed, and entered upon consent, was a nullity.

ACTION for specific performance.

*Rutherford W. Kathan,* for plaintiffs.

*I. Erlich Wolfe,* for defendants.

CROPSEY, J. From the agreed statement of facts it does not clearly appear that the fact is conceded that the wife of a prior grantor in the chain of title did not join in the conveyance and that she is still alive and her inchoate right of dower outstanding. But the brief of defendant recognizes that the fact is that the wife in question did not join in the conveyance and that she is still alive.

But it is claimed her dower right was extinguished under an order of this court. The wife was insane and a committee was appointed for her. Thereafter a proceeding was begun to dispose of her inchoate right of dower. In that proceeding " attorneys for the respective interests therein settled their differences," and upon consent an order was entered fixing the value of the dower interest.

This court had no power to make such an order upon consent and it is a nullity. Hence there is an outstanding dower right, and defendant cannot convey a good, clear title.

Judgment for the plaintiffs for the amount stipulated.

Judgment accordingly.